**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-03442-BNB

JEREMIAH MICHAEL STANFILL (Extinct), jeremiah michael stanfill; Pro Persona, Man for/inbehalf of the Extinct/Decedent, Executor/Beneficiary of the Cestui Que Vie Estate,

    Plaintiff,

v.

[NO NAMED DEFENDANTS]

    Defendant.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Jeremiah Michael Stanfill is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado.  He has submitted *pro se* two documents titled "Statement Noting a Party's Death" (ECF No. 1), which appears to refer to his own death, and a "Motion to Discharge" (ECF No. 3), in which he appears to be attempting to challenge the criminal conviction and sentence entered against him in a Colorado state district court.  As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the submitted documents are deficient as described in this order.  Mr. Stanfill will be directed to cure the following if he wishes to pursue any claims in this court in this action.  Any papers that Mr. Stanfill files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X   is not submitted
(2)        is missing affidavit

(3) __ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) _X_ is missing certificate showing current balance in prison account
(5) __ is missing required financial information
(6) __ is missing an original signature by the prisoner
(7) __ is not on proper form (must use the court's current form)
(8) __ names in caption do not match names in caption of complaint, petition or habeas application
(9) _X_ other: <u>The § 1915 motion and affidavit and certificate showing prison account balance are necessary only if the $5.00 filing fee is not paid in full in advance.</u>

**Complaint, Petition or Application**:
(10) _X_ is not submitted
(11) __ is not on proper form
(12) __ is missing an original signature by the prisoner
(13) __ is missing page nos. ___
(14) __ uses et al. instead of listing all parties in caption
(15) __ names in caption do not match names in text
(16) __ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) __ other: <u>The only proper Respondent in a habeas corpus action is Applicant's current warden, superintendent, jailer or other custodian.</u>

Finally, Mr. Stanfill's claims must be brought in a habeas corpus application pursuant to 28 U.S.C. § 2254.  *See Hagin v. Oklahoma*, 138 F. App'x 110, 111 (10th Cir. 2005).  Because Mr. Stanfill seeks to set aside his state court conviction, his sole remedy lies in a habeas corpus action.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when state prisoner challenges fact or duration of imprisonment and seeks release from that imprisonment, sole federal remedy is a writ of habeas corpus).

Accordingly, it is

ORDERED that Mr. Stanfill cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Mr. Stanfill files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Mr. Stanfill shall obtain the court-approved forms for

filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Stanfill fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED January 2, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge